EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARÍSTIDES DELGADO, acusado y apelante.

No. 4765.—*Sometido:* Noviembre 25, 1932. *Resuelto:* Noviembre 30, 1932.

---

* NOTA: Véase el prefacio.

*F. Cervoni Gely,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Arístides Delgado fué convicto por la Corte de Distrito de Humacao del delito de homicidio voluntario y sentenciado a sufrir la pena de diez años de presidio con trabajos forzados. A él se le acusó de haber dado muerte a Manuela Millán con un machete.

El acusado presentó una moción de nuevo juicio que fué declarada sin lugar. Esta apelación ha sido interpuesta contra la resolución negando la concesión de un nuevo juicio.

El primer señalamiento es que la corte cometió error al permitir que el fiscal modificara la acusación originalmente presentada de asesinato en primer grado a asesinato en segundo grado. Se desprende que al solicitarse durante el juicio que la acusación fuese modificada, el fiscal manifestó a la corte algo al efecto de que así se reduciría el número de recusaciones. El apelante alega que la razón señalada por el fiscal fué injusta para con el acusado al así reducirse el número de recusaciones. Empero la corte entendió estas observaciones como que simplemente llamaban su atención al hecho de que las recusaciones serían menos. El objeto del fiscal, según entendió la corte, no fué meramente reducir el número de recusaciones. De todos modos, el derecho del fiscal de rebajar la calificación del delito era prácticamente

absoluto y no se cometió error alguno. En realidad el acusado resultaba beneficiado. Decimos esto, sin entrar en la cuestión de si se privó al acusado de algún derecho a recusar, no habiéndose demostrado que se hubieran agotado las recusaciones.

■ El segundo señalamiento de error se dirige al hecho de que la corte permitió a un testigo que declarara respecto a la agresión sin antes haber probado el *corpus delicti*. El orden de la prueba cae dentro de la sana discreción de la corte y no se demostró perjuicio alguno.

En sus instrucciones al jurado la corte incidentalmente dijo que el acusado debió esperar la continuación de los ataques de la interfecta para poder tener derecho a la defensa propia. Hemos examinado las instrucciones en su totalidad, y el error, de existir, fué inofensivo, especialmente en ausencia de unos autos completos, cuestión a que nos referiremos más adelante.

■ Mientras el Dr. Veve declaraba en pro del acusado fué repreguntado por el fiscal si la herida que el acusado tenía en la garganta no pudo ser inferida por sí mismo. Se señala como error el que la corte permitiera esta pregunta. El apelante no está equivocado al sostener que en general a los peritos no se les debe permitir contestar preguntas que son del conocimiento corriente de todo el mundo. Sin embargo, la pregunta y respuesta en este caso específico carecían de importancia y fácilmente podía inferirse que el jurado no adquirió, según sostiene el apelante, ningún prejuicio contra el acusado debido a la pregunta y respuesta. Ni la pregunta ni la respuesta tendían a probar que la herida fuera en realidad inferida por sí mismo.

Según sostiene el fiscal de esta corte, tenemos ante nos una transcripción de autos imperfecta. La exposición del caso fué preparada para los fines de un nuevo juicio y evidentemente no contiene toda la prueba. Esto afectaría seriamente algunos, si no todos, los errores señalados por el apelante.

*Debe confirmarse la resolución apelada.*